**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JOSEPH SAVOY DOC# 270087** | : | **CIVIL ACTION** |
| | : | **NO. 14-0700-JJB-SCR** |
| **VERSUS** | : | **JUDGE JAMES J. BRADY** |
| **DANIEL DAVIS, ET AL** | : | **MAGISTRATE JUDGE STEPHEN C. RIEDLINGER** |

****************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**MAY IT PLEASE THE COURT:**

## I. STATEMENT OF THE CASE

At all times pertinent herein, Joseph Savoy, (hereinafter referred to as "inmate Savoy"), has been in the custody of the Louisiana Department of Public Safety and Corrections. On or about November 5, 2014, inmate Savoy filed a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983, naming Capt. James Savoy.[1] On November 17, 2014, summonses were issued.[2] Defendant Capt. Savoy was served on or about December 12, 2014.[3] Defendant Capt. Savoy now appears in this Motion to Dismiss under FED. R. CIV. P. R. 12(b)(6).

Inmate Savoy complains his constitutional rights were violated when defendants, Daniel Davis, Scott Kennedy and John Sanders, allegedly attacked plaintiff while he was retrained on January 4, 2014.[4] Inmate Savoy alleges that defendant "Captain Savoy was present and witnessed the beating and failed to intervene."[5] Plaintiff's alleged injuries include two broken ribs and a broken left shoulder as well as injuries to his arm, neck, back, ribs, back of legs, face,

[1] Rec. Doc. 1. Plaintiff has also named as defendants "Major Daniel Davis, Captain Scott Kennedy and Captain John Sanders". To date, service has not been perfected on these defendants. Undersigned counsel is not making an appearance for any defendant who has not been properly served.
[2] Rec. Doc. 7.
[3] Rec. Doc. 8.
[4] Rec. Doc. 1.
[5] *Id.*

inhalation, discomfort, humiliation, burning of respiratory system, pain and suffering, mental and emotional injury, medical and pharmaceutical expenses, and lost wages.[6] For relief, Plaintiff seeks compensatory damages, medical treatment costs, and attorney fees and costs.[7]

## II. LAW AND ARGUMENT

### a. FED. R. CIV. P. R. 12(b)(6) Standard for Motion to Dismiss

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint."[8] "Factual allegations must be enough to raise a right to relief above the speculative level."[9] To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

### b. Sovereign Immunity

#### *i. Eleventh Amendment*

The Eleventh Amendment to the United States Constitution restricts the authority of the federal court to hear lawsuits against States. That is, the Eleventh Amendment bars a state's citizens from filing suit against the State in federal court unless the state has waived its immunity.[12] In *Cozzo, supra.* the U.S. 5th Circuit Court of appeals has noted that by statute, Louisiana has refused any such waiver of its Eleventh Amendment governing immunity

---

6 *Id.*
7 *Id.*
8 Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007).
9 Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).
10 Ashcroft v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955).
11 *Id.*
12 Cozzo v. Tangipahoa Parish Council-President Government, 279 F. 3d 273, 280 (5th Cir. 2002).

regarding suits in federal court.[13] Additionally, congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. In enacting §1983, congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the states.[14] Further, a state is not a "person" under 42 U.S.C. §1983.[15] Therefore, the Eleventh Amendment deprives this court of jurisdiction over plaintiff's claims against the State defendants and all such claims against them should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12 (b)(1).[16]

Defendants show that lawsuits against government officials acting in their official capacity are considered to be lawsuits brought against the entity of which they are agents.[17] Defendant shows that this Honorable Court lacks subject matter jurisdiction under the Eleventh Amendment of the Constitution, for any action against defendant Capt. Savoy in his official capacity and defendant's motion to dismiss should be granted dismissing all claims by inmate Savoy against Capt. James Savoy in his official capacity.

***ii. Monetary Damages against the Defendants in their Official Capacity***

The Eleventh Amendment prohibits the bringing of a lawsuit in federal court seeking monetary damages against a state, its agencies, or persons acting as official representative thereof. A claim asserted against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.[18]

---

[13] La. R.S. 13:5106(A).
[14] Cozzo**,** 279 F. 3d at 281.
[15] Will v. Michigan, 491 U.S. 58, 70, 109 S. Ct. 2314, 2312 (1989).
[16] Warnock v. Pecos County, Texas, 88 F. 3d 341, 343 (5th Cir. 1996).
[17] *See* Kentucky v. Graham, 105 S.Ct. 3099 (1985); Baker v. Putnal, 75 F.3d 190 (5th Cir. 1996); Jenkins v. Lee, 1999 WL 97931 (E.D. La. Feb. 17, 1999) *unreported*.
[18] Hafer v. Melo, et al, 502 U.S. 21, 25, 112 S.Ct. 358, 361 (1991), *citing* Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985).

Here, the plaintiff does not specify whether he is suing the defendant in his official and individual capacities, but seeks relief in the form of compensatory damages.[19] To the extent the plaintiff seeks compensatory damages from the defendant in his official capacities, the claims are barred by the Eleventh Amendment and should be dismissed.

**c. Plaintiff fails to state a claim under the Fourth Amendment**

A cause of action under the Fourth Amendment against defendant Capt. Savoy is not supported by the facts alleged in the complaint and therefore plaintiff's claim under the Fourth Amendment should be dismissed.

It is well settled that government officials may be subject to §1983 lawsuits when they use force to control criminal suspects, pretrial detainees, and convicted prisoners. However, the source of the right for claims against these officials depends on the plaintiff's status at the time the officials allegedly applied the force.

The Fourth Amendment applies to arrestees and other "seized" individuals and prohibits the use of unreasonable force.[20] The Eighth amendment on the other hand applies to prisoners and prohibits cruel and unusual punishment.[21] This distinction is important as the elements necessary to prove a claim under the Fourth and Eighth Amendment differ significantly.

Although malice is not an element of a Fourth Amendment excessive force claim, it is the central inquiry under the Eighth Amendment for a prisoner's allegation of excessive force by prison guards. The Eighth amendment standard is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.[22] In contrast, a Fourth Amendment excessive force claim is evaluated under an "objective

[19] Rec. Doc. 1.
[20] Graham v. Connor, 490 U.S. 386, 388-95 (1989).
[42], 503 U.S. 1, 6-7 (1992)
[22] *Id.*

reasonableness standard."[23]

Here, the plaintiff, a convicted prisoner, is alleging excessive force by prison officials within an institutional setting. As stated above, such a claim of excessive force necessarily arises under the Eighth Amendment and not the Fourth Amendment as the plaintiff is not a pretrial detainee, or a criminal suspect. The plaintiff, through his complaint, attempts to bring a cause of action under the Fourth Amendment for alleged acts of excessive force by the defendants, prison personnel.[24] However, Plaintiff's status as a convicted offender and the factual context in which his claim arises does not support such a cause of action under the Fourth Amendment for the reasons stated above. Accordingly, any claims brought by plaintiff under the Fourth Amendment must be dismissed for failure to state a claim.

**d. Plaintiff fails to state a claim of excessive force under the Eighth Amendment**

An excessive force claim under the Eighth Amendment against defendant Capt. Savoy is not supported by the facts alleged in the complaint and therefore plaintiff's claim under the Eighth Amendment should be dismissed.

"[T]he pertinent Eighth Amendment proscription is only against "punishments" that are "cruel and unusual."[25] "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is…whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."[26]

There are several non-exclusive factors that are considered in evaluating an excessive force claim under the Eighth Amendment: (1) the extent of the injury; (2) the need for the

[23] *Id* at 393
[24] Rec. Doc. 1 Para. 34, 42.
[25] Baldwin v. Stalder, 137 F.3d 836, 839 (5th Cir.1998).
[26] Hudson v. McMillan, 501 U.S. 1, 7, 112 S.Ct. 995, 999, 119 L.Ed2d 156 (1992).

application of force; (3) the relationship between the need and the **amount of force used**; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response.[27]

In *Ikerd* the Court examined the Hudson factors and concluded that, "the Supreme Court recognized that '[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force.'"[28] The Court went on to further explain that a constitutional violation does not occur every time an officer touches someone. In just about every conceivable situation, some amount of force or contact would be too nominal to constitute a constitutional violation. When the force used is insufficient to satisfy the legal standard necessary for recovery, the amount of force is de minimis for constitutional purposes. The **amount of force** that is constitutionally permissible, therefore, must be judged by the context in which that force is deployed.[29] Here, there is no allegation of any force used by Capt. James Savoy. This falls even below a de minimis use of force.

There are not many cases where no use of force is alleged. However, undersigned counsel has found a case where plaintiff alleged that the defendant tried to grab him. The Court went on to show that "Plaintiff's claim is not sufficiently serious to support a constitutional violation, and there is no allegation whatsoever that Plaintiff experienced pain or injury…. Because not every physical touching constitutes a constitutional violation, it follows that an attempted touching-with no accompanying allegation of pain or injury-cannot support a claim of constitutional injury."[30] While plaintiff in the case at bar is alleging an injury, it is not alleged that Capt. James

[27] Baldwin v. Stalder, 137 F.3d 836, 839 (5th Cir.1998).
[28] Ikerd v. Blair, 101 F.3d 430 (C.A. 5 (La.), 1996).
[29] *Id*.
[30] Collins v. Graham, 377 F.Supp.2d 241 (D. Me., 2005).

Savoy used any force which resulted in an injury. In a recent case from the Eleventh Circuit Court of Appeal, the Court opined that, "a plaintiff must prove that a **requisite amount of force** was used against him. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."[31] Here again, there is no allegation that Capt. James Savoy used any force against the plaintiff, much less an allegation that a requisite amount of force was used.

Here, plaintiff alleged an incident of a beating by several guards at LSP. However, according to his Complaint, Plaintiff makes no allegations that defendant Capt. Savoy even made physical contact with him, much less exerted any force against him. There are no allegations that defendant Capt. Savoy participated in the beating. There cannot be a claim of excessive force if no force at all was applied by the defendant. The claim against defendant Capt. Savoy for use of excessive force in violation of the Eighth Amendment must be dismissed.

**e. Qualified Immunity**

Furthermore, defendant Capt. Savoy is entitled to qualified immunity. The qualified immunity defense is a familiar one and operates to protect a public official who is performing a discretionary task.[32] Government officials, performing discretionary functions, "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[33] Qualified immunity allows officials the freedom to exercise fair judgment, protecting "all but the

[31] Johnson v. Ashworth, Slip Copy, 2014 WL 1331019 (S. D. Ala., 2014) *citing* Thomas v. Comstock, 222 Fed.Appx. 439 (C.A. 5 (Tex.), 2007).
[32] Hale v. Townley, 45 F.3d 914, 917 (5th Cir. 1995).
[33] Harlow v. Fitzgerald, 457 U.S. 800, 817 (1982).

plainly incompetent or those who knowingly violate the law."[34] Actions and decisions made by officials that are merely inept, erroneous, ineffective or negligent do not amount to deliberate indifference and do not divest officials of qualified immunity.[35] The U. S. Supreme Court has repeatedly stressed that the immunity issue must be resolved at the earliest possible stage of the litigation since it entails not merely a defense to liability, but is instead immunity from suit and an entitlement not to stand trial or face the other burdens of litigation.[36]

The Courts have traditionally used the two step method in determining whether a defendant is entitled to qualified immunity. The first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional right.[37] In the second step the district court must determine whether the right allegedly violated was clearly established at the time of the infraction.[38] The sequencing of the analysis has been left to the discretion of the District Court Judges to determine which of the two prongs should be analyzed first.[39] This inquiry must be undertaken in light of the specific factual context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable official that his conduct was unlawful in the situation which he confronted.[40]

Defendant is shielded from liability for civil damages insofar as plaintiff has failed to put forth sufficient facts to show that the defendant Capt. Savoy violated any constitutional right

---

34 Malley v. Briggs, 475 U.S. 335, 341 (1986).
35 Alton v. Texas A&M University, 168 F.3d 196, 201 (5th Cir. 1999).
36 Pearson v. Callahan, 555 U.S. 223, 232 (2009); Saucier v. Katz, 533 U.S. 194, 202 (2001) (overruled only as to the two step inquiry being applied in a strict order).
37 Pearson, 555 U.S. at 232.
38 *Id.*
39 *Id.* at 236.
40 *Id.*

under the circumstances presented. Alternatively, his alleged conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Considering the first prong in the qualified immunity analysis, the defendant contends, as discussed above, that inmate Savoy has failed to put forth sufficient facts to show his constitutional rights was violated since he did not participate or use any force against plaintiff in the alleged beating of plaintiff.

For the second prong, defendant asserts he is entitled to qualified immunity because any such violation was *not objectively contrary* to clearly established law.

The facts, as alleged in inmate Savoy's Complaint, do not depict a situation where a reasonable officer could conclude that his conduct was unlawful in the situation he confronted. Further, there is no indication or accusations that defendant intentionally flouted the law. In sum, defendant was not plainly incompetent, nor did he knowingly violate the law. Inmate Savoy alleges that he was attacked by defendants Davis, Kennedy, and Sanders. At no point in his complaint, does inmate Savoy allege that defendant Capt. Savoy used force of any kind against him.

As a government official, defendant Capt. Savoy is entitled to immunity in the performance of each of his duties because his conduct did not violate clearly established statutory or constitutional rights that a reasonable person would have known.

## III. CONCLUSION

For these reasons, inmate Savoy has failed to state a claim upon which relief can be granted as to defendant Capt. Savoy as he has failed to allege that any force was used by Capt. James Savoy, much less excessive force. In addition, defendant Capt. Savoy is entitled to qualified immunity. As such, inmate Savoy's claims should be dismissed as to defendant Capt.

Savoy.

Respectfully submitted,

**JAMES "BUDDY" D. CALDWELL**
**ATTORNEY GENERAL**

BY: */s/ Bailey A. Adams*
Bailey A. Adams, La. Bar No. 34234
Assistant Attorney General
**Louisiana Department of Justice**
Litigation Division, Civil Rights Section
1885 North Third Street, 4th Floor
Post Office Box 94005 (70804-9005)
Baton Rouge, Louisiana 70802
Telephone: 225-326-6300
Facsimile: 225-326-6495
E-mail: AdamsB@ag.state.la.us

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 24, 2015, a copy of the foregoing Motion to Enroll as Co-Counsel of Record was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Donna U. Grodner, counsel for the plaintiff, by operation of this Court's electronic filing system and by U.S. Mail.

*/s/ Bailey A. Adams*
Bailey A. Adams