UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH SAVOY  CIVIL ACTION

VERSUS

NO. 14-700-JJB

DANIEL DAVIS, ET AL

## RULING ON MOTION TO DISMISS

This case is before the Court on a Motion to Dismiss (Doc. 23) filed by defendant Captain James Savoy (Capt. Savoy). Joseph Savoy (Mr. Savoy), the plaintiff, filed an opposition (Doc. 33) to which Capt. Savoy replied (Doc. 36). Oral argument is unnecessary.

## Background

Mr. Savoy is currently an inmate at Elayn Hunt Correction Center, but in January 2014, he resided at the Louisiana State Penitentiary (LSP) at Angola. He claims that, on January 4, 2014, Capt. Savoy witnessed several other correctional officers[1] beat Mr. Savoy without justification and failed to intervene. As a result of this incident, Mr. Savoy suffered multiple physical injuries, including a broken shoulder. In November of 2014, Mr. Savoy filed a civil rights lawsuit against Capt. Savoy and several others, and he alleged violations of his Fourth and Eighth Amendment rights under the United States Constitution. In response, Capt. Savoy filed this motion to get himself dismissed as a defendant.

## Standard of Review

Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

---

[1] The other defendants in this suit are among those officers.

1

544, 570 (2007)). The Court, "[i]n reviewing a Rule 12(b)(6) motion . . . must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff." *Davis v. Bellsouth Telecomm.*, 2012 WL 2064699, at *1 (M.D. La. June 7, 2012) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)). Still, the plaintiff must assert facts sufficient to demonstrate that he may plausibly be entitled to relief. *Ashcroft*, 556 U.S. at 678. Significantly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

## **Analysis**

Capt. Savoy supports his motion with several arguments. First, he argues that he cannot be sued in his official capacity due to Eleventh Amendment sovereign immunity. Second, he argues that there are no factual allegations sufficient to establish that he violated Mr. Savoy's Fourth Amendment rights, therefore defeating any §1983 claim on that basis. Third, he argues that there also no factual allegations sufficient to establish a violation of Mr. Savoy's Eighth Amendment rights—precluding a §1983 claim there as well. Fourth, and finally, he argues that there are no facts alleged that would allow Mr. Savoy to overcome Capt. Savoy's qualified immunity defense. Mr. Savoy does not contest the first or second argument, but he does argue that he states sufficient facts, if taken as true, for an Eighth Amendment violation—due to bystander liability—and to establish first prong necessary to overcome the qualified immunity defense. He also argues that he has alleged sufficient facts to establish that Capt. Savoy's actions were objectively unreasonable, thus satisfying the second prong and precluding dismissal due to qualified immunity.

I. Eleventh Amendment Sovereign Immunity

Initially, Capt. Savoy argued that he could not be sued in his official capacity based on well-established case law. Mr. Savoy clarified that he did not intend to sue Capt. Savoy in his official capacity, so this argument is moot.

II. Fourth Amendment Violations

The claims in this suit arise under §1983, which allows plaintiffs to sue for violations of their constitutional rights and rights established under other laws. 42 U.S. C. § 1983 (2014). One of those violations that Mr. Savoy alleges is that Capt. Savoy and the other defendants used excessive force in violation of his Fourth Amendment rights. Capt. Savoy argues, however, that the proper excessive force avenue for a prisoner is not the Fourth Amendment but the Eighth Amendment, and he cites *Graham v. Connor*. 490 U.S. 386, 393–94 (1989). In *Graham*, the Supreme Court noted that the most common sources for excessive force claims were the Fourth and Eighth Amendments, and the Court further declared that "where . . . the excessive force claim arises in . . . an arrest or investigatory stop of a free citizen, it is most properly characterized as . . . invoking . . . the Fourth Amendment." *Id*. at 394. Mr. Savoy, in his opposition, does not address this argument; he instead focuses on the Eighth Amendment and qualified immunity arguments. Consequently, allegations that Capt. Savoy violated Mr. Savoy's Fourth Amendment rights cannot sustain Mr. Savoy's §1983 claims.

III. Eighth Amendment Violations

Mr. Savoy can also pursue §1983 claims for violations of his Eighth Amendment protections against cruel and unusual punishment. Although typically this type of claim involves a defendant who directly participated in the alleged cruel and unusual punishment, such as a correctional officer accused of beating an inmate, the Eighth Amendment's protection is broader.

An officer may be liable under §1983 if he is "present at the scene and does not take reasonable measures to protect" an individual from a colleague's actions when the officer knows that those actions violate the person's constitutional rights. *Hale v. Townley*, 45 F.3d 914, 916 (5th Cir. 1995); See Also *Randall v. Prince George's County, Maryland*, 302 F.3d 188, 204 (2nd Cir. 2002). In *Hale*, the case involved the Fourth Amendment, but its logic easily transfers to Eighth Amendment cases as well; the only real difference, as discussed above, is the status of the person whose rights are allegedly being violated—suspect/detained citizen versus prisoner. Capt. Savoy first argues that because Mr. Savoy does not allege that Capt. Savoy actually participated in the beating, there is no claim against Capt. Savoy. He next argues that any "bystander liability" claims should be rejected because Mr. Savoy did not mention bystander liability in the complaint. Mr. Savoy's argument is that he alleged sufficient facts for bystander liability.

In the complaint, Mr. Savoy has alleged sufficient facts for his §1983 claim against Capt. Savoy based on violations of his Eighth Amendment rights. He alleged that several of the defendants beat him without justification, and he also alleged that Capt. Savoy stood by and watched. Later, he also alleges that Capt. Savoy participated in the aftermath, if minimally. These facts, as alleged, meet the standard from *Hale*: Mr. Savoy alleges that Capt. Savoy witnessed a violation of his constitutional rights and took no reasonable measure to protect him. Capt. Savoy's argument that Mr. Savoy did not raise bystander liability in his complaint is not persuasive; bystander liability here is not an independent claim but merely the basis for the claim that Capt. Savoy violated Mr. Savoy's Eighth Amendment rights. As a result, the motion to dismiss is denied concerning Mr. Savoy's §1983 claims that are based on violations of his Eighth Amendment rights.

IV. Qualified Immunity

Qualified immunity protects government officials from suit under 42 U.S.C. §1983 when they are performing "discretionary duties" if their actions are reasonable regarding the rights that the official allegedly violated. *Good v. Curtis*, 601 F.3d 393, 400 (5th Cir. 2010). Essentially, it is a defense available to "all but the plainly incompetent or those who knowingly violate the law." *Id.* (Internal Citations Omitted). The Fifth Circuit uses a two-part test to evaluate qualified immunity defenses: first, whether the defendant's alleged action is a violation of the plaintiff's constitutional rights, and second, "whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question." *Freeman v. Gore*, 483 F.3d 404, 410–11 (5th Cir. 2007). Capt. Savoy alleges first that no constitutional right was violated, and second, that even if there was a violation, Mr. Savoy has not alleged sufficient facts to show that Capt. Savoy's actions were objectively unreasonable in light of clearly established law. Mr. Savoy refers back to his arguments on the Eighth Amendment violation, and he asserts that he has alleged sufficient facts to support his allegation that Capt. Savoy's actions were objectively unreasonable in light of clearly established law.

A. Constitutional Violation

Both parties use the same arguments here as they did regarding the Fourth and Eighth Amendment violations. Therefore, because Mr. Savoy has alleged sufficient facts to support a claim that his Eighth Amendment rights were violated by Capt. Savoy, Mr. Savoy has also alleged sufficient facts—taken as true—to establish the first prong necessary to overcome a qualified immunity defense.

B. Objective Reasonableness in Light of Clearly Established Law

In his complaint, Mr. Savoy alleges that Capt. Savoy watched and did nothing while several others beat and kicked a restrained Mr. Savoy. An objectively reasonable officer would realize that he had a duty attempt to stop the beating by, for example, radioing for other officers to assist him. The law against beating prisoners without justification is not unclear or ambiguous. Further, Mr. Savoy alleges that, after the beating, Capt. Savoy helped the officers clean up the scene. These allegations are sufficient, when taken as true and considered in the light most favorable to Mr. Savoy, to overcome the qualified immunity defense of Capt. Savoy.

## Conclusion

For the foregoing reasons, the defendant's Motion to Dismiss (Doc. 23) is DENIED.

Signed in Baton Rouge, Louisiana, on April 21, 2015.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**