**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JOSEPH SAVOY** | **CIVIL ACTION**

**VERSUS** | **NUMBER 14-700-JJB-EWD**

**MAJOR DANIEL DAVIS, ET AL.**

**RULING ON PLAINTIFF'S MOTION TO COMPEL**

Before the court is the Plaintiff's Motion to Compel (R. Doc. 54). The motion is opposed.[1] For the reasons discussed below, Plaintiff's Motion to Compel is **GRANTED IN PART** and **DENIED IN PART**, as indicated below.

## I. BACKGROUND

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 against defendants Major Daniel Davis, Captain Scott Kennedy, Captain John Sanders, and Captain James Savoy ("***Defendant Savoy***") seeking to recover damages resulting from an alleged use of excessive force on January 4, 2014, while the plaintiff was incarcerated at Elayn Hunt Correctional Center (R. Doc. 10).

Plaintiff filed this motion to compel against Defendant Savoy to obtain supplemental responses to the Plaintiff's First Interrogatories and Request for Production of Documents served on April 21, 2015. Plaintiff sought supplemental responses to Interrogatory Nos. 2, 4, 8, and 12 and Requests for Production Nos. 1, 3, 9, 10, 11, 13, 14, 17, and 21. The motion also seeks an

[1] R. Doc. 55. Plaintiff also filed a Reply to Defendant Captain James Savoy's Opposition to Plaintiff's Motion to Compel (R. Doc. 60).

award of attorney fees.

## II. DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." A relevant discovery request seeks information that is "either admissible or reasonably calculated to lead to the discovery of admissible evidence."[2] Nonetheless, a party may withhold otherwise discoverable information on the basis of privilege.

Federal Rule of Civil Procedure 33(b) provides, in pertinent part, that interrogatories must be answered "by the party to whom they are directed."[3] Further, "each interrogatory must, to the extent not objected to, be answered separately and fully in writing under oath,"[4] and "the person who makes the answers must sign them, and the attorney who objects must sign any objections."[5]

Federal Rule of Civil Procedure 34 permits a party to serve on another party "a request within the scope of Rule 26(b):

> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control:
>
> > (A) any designated documents or electronically stored information – including writings, drawings, graphs, charts, photographs, data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or
> >
> > (B) any designated tangible things …."

---

[2] *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484 (5th Cir. 1990)(quoting Fed. R. Civ. P. 26(b)(1)).
[3] Fed.R.Civ.Proc. 33(b)(1).
[4] Fed.R.Civ.Proc. 33(b)(3).
[5] Fed.R.Civ.Proc. 33(b)(5).

A party responding to a request for production is required only to produce those materials "which are in the possession, custody or control of the party upon whom the request is served ...."[6] Although this production obligation may extend to materials that a party has a legal right to obtain, even though it has no copy, and to materials in the possession of employees or related entities, 8A C. Wright, A. Miller, R. Lucas, *Federal Practice and Procedure* § 2210 at 397-405 (West 1994), there is no obligation to manufacture documents or other materials in response to a Rule 34 request or to produce materials that are *not* in the responding party's possession, custody or control. "[A] party cannot be required to permit inspection of documents or things that it does not have and does not control." *Id*. at 403-04. The party seeking discovery has the burden to show that the responding party has control of the material or information sought.[7]

**A. Discovery Requests**

**INTERROGATORY NO. 2:**
Please state whether you have in your possession or know of the existence of any photographs, moving pictures, videotapes, measurements, or other descriptions of the incident scene where MR. JOSEPH SAVOY were beaten, the dorm where MR. JOSEPH SAVOY was housed, or any other applicable locations on January 4, 2014, or of Defendant made on or since January 4, 2014. As to each item, please state a description of each item, including the date it was prepared and the subject matter it portrays; and the name, address, telephone number and occupation of the person who prepared each item.

**RESPONSE TO INTERROGATORY NO. 2:**
Defendants object to this interrogatory as premature as discovery is still ongoing. However, in an attempt to facilitate discovery, the only photographs taken regarding this incident are those that were taken at the treatment center. Please see Attachment No. 3.

[6] Fed.R.Civ.Proc. 34(a).
[7] *See Morris v. Wyeth, Inc.*, No. CIV.A 09-0854, 2010 WL 1141224, at *2 (W.D. La. Mar. 22, 2010) *citing Monroe's Estate v. Bottle Rock Power Corp.*, 2004 WL 737463 (E.D.La. Apr.02, 2004)(addressing discovery under Rule 34).

Plaintiff indicates the defendants' response is insufficient, as follows: "as you are aware there was a full investigation conducted and numerous items of evidence gathered that are 'descriptions of the incident scene where MR. JOSEPH SAVOY was beaten', etc. None have been produced."[8] Essentially, it appears as though plaintiff is suggesting that he believes additional information responsive to Interrogatory No. 2 is in Defendant Savoy's possession, but was not identified.

*Defendants' Responses to Plaintiff's Firse [sic] Set of Interrogatories and Requests for Production (to Defendant James Savoy)* (the "***Responses***") are only signed by counsel for Defendant Savoy.[9] Although Defendant Savoy's Response to Interrogatory No. 2 does state an objection, it also provides a response that the only pictures taken were those taken at the treatment center and, presumably, attaches those pictures, however, the Responses were not signed by the person making the answers, nor are the answers made under oath. For these reasons, the Responses are not in compliance with the requirements of Federal Rule of Civil Procedure 33.

**IT IS ORDERED** that to the extent there are additional descriptions or documents responsive to Interrogatory No. 2, Defendant Savoy shall supplement his Responses or provide a response under oath stating that no additional responsive information exists, within fourteen days of the date of this Ruling.

> **INTERROGATORY NO. 4:**
> If you contend that any other person is or may be at fault whether in part or in whole for the injuries to MR. JOSEPH SAVOIE, please identify such persons and provide a list of all documents, statement [sic], or other evidence that may support such claim.
>
> **RESPONSE TO INTERROGATORY NO. 4:**
> Defendant objects to this interrogatory as it is premature. Plaintiff

---
[8] R. Doc. 54-2, p. 4.
[9] R. Doc. 54-3.

> has not provided any evidence at this time to show any injuries. Defendant also objects that the interrogatory is vague as plaintiff does not describe what if any injuries these interrogatories are directed to. Defendant further objects that the interrogatory is irrelevant, immaterial and not reasonably calculated to lead to admissible evidence. However, in the spirit of discovery, defendant James Savoy shows that any alleged injuries incurred by JOSEPH SAVOIE were not caused by Captain James Savoy.

Plaintiff states the Response to Interrogatory No. 4 is insufficient, alleging that "during [Defendant Savoy's] deposition he indicated that others may [be] responsible for the injuries at hand."[10] Plaintiff does not provide any specific excerpts from the deposition transcript in support of this contention, however, Defendant Savoy states that he sent supplemental discovery responses updating his response to Interrogatory No. 4.[11] Plaintiff argues that he has not received a supplemental response.[12] The record fails to establish that a supplemental responsive answer has been provided to the Plaintiff. A letter from counsel for the defendant, dated July 10, 1015, indicates that an updated response would be forthcoming once depositions were completed, but nothing responsive has been filed in the record.[13] The deadline for the completion of fact discovery in this matter was July 31, 2015.[14]

**IT IS ORDERED** that the Motion to Compel is **GRANTED** with regard to Interrogatory No. 4. Defendant Savoy shall supplement his response to Interrogatory No. 4 within fourteen days of the date of this Ruling.

> **INTERROGATORY NO. 8:**
> Please identify and include a DOC# for each inmate who has filed an ARP against any of the Defendants herein for the time period 1 year before and after January 4, 2014, and the nature of that

[10] R. Doc. 54-2, p. 4.
[11] R. Doc. 55, p. 2.
[12] R. Doc. 60, p. 2.
[13] R. Doc. 55-2.
[14] R. Doc. 53.

complaint/grievance

**RESPONSE TO INTERROGATORY NO. 8:**
Objection, as defendant is unaware of ARPs filed against any other defendant's named herein. Defendant also objects as the evidence sought is inadmissible character evidence, irrelevant, prejudicial, and not likely to lead to discoverable evidence.

Plaintiff alleges that many of the same objections asserted on behalf of Defendant Savoy were asserted in similar litigation and refers to a Ruling on Plaintiff's Motion to Compel, decided by Magistrate Judge Bourgeois in *Harvey v. Davis, et al.* (13-cv-311, R. Doc. 66). The court notes at the outset that Defendant Savoy was dismissed from the *Harvey* case. Consequently, Magistrate Judge Bourgeois specifically denied the Motion to Compel information regarding any ARPs[15] filed against Savoy in that case.[16] Magistrate Judge Bourgeois did go on to order certain ARPs in that matter produced for in camera inspection, finding that ARPs filed against the remaining defendant "alleging the use of excessive force, against Plaintiff or other inmates, to be potentially relevant and discoverable in [that] case."[17]

Defendant Savoy did not provide a response to Interrogatory No. 8 with regard to any ARPs filed against him, which should certainly be within his knowledge and are relevant.[18]

Part of the basis of defendant Savoy's objection is that he is unaware of ARPs filed against another other defendant. Federal Rule of Civil Procedure 33(a) requires a party to "furnish such

[15] Administrative Remedy Procedures (ARPs) refers to "a formal grievance mechanism" used by inmates "committed to the custody" of the Louisiana Department of Safety and Corrections (LDPSC). La. Admin. Code tit. 22, pt. I, § 325(D)(1). Grievances or ARPs may pertain to "conditions of confinement, personal injuries … or challenges to rules, regulations, policies or statues, including grievances such as offender requests for accommodations under the Americans with Disabilities Act and for complaints of sexual abuse under the prison rape elimination act." La. Admin. Code tit. 22, pt. I, § 325(D)(2).
[16] *Harvey v. Davis, et al.*, 13-cv-311, R. Doc. 66, p. 5.
[17] *Id.*, p. 7.
[18] In response to Request for Production No. 14, Defendant Savoy does state that no ARPs were filed against him during the one year period before and after January 4, 2014.

information as is available to [it]" and Rule 26(g) requires "a reasonable inquiry." Thus,

> [t]he answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control. The answering party is required to give information available to him, including information available to his agents or representatives whether personally known to the answering party or not. If the answering party lacks necessary information to make a fully, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information.[19]

**IT IS ORDERED** that, Defendant Savoy provide a response to Interrogatory No. 8 with regard to ARPs filed against him. **IT IS FURTHER ORDERED** that if it is the position of Defendant Savoy that he lacks the necessary information to respond to Interrogatory No. 8 with regard to other defendants in this case, he is to state under oath that the requested information is not available to him, nor under his control, nor available to any of his agents or representatives, nor under their control.

> **<u>INTERROGATORY NO. 12</u>**
> Please identify and describe in detail any person who may have or claims to have knowledge of the incident(s) or any of the events leading up to the incident(s) or related events occurring thereafter. As to each such person, please state the full name, address (business and home), telephone number (business and home) and occupation including place of employment (address and telephone number) and rank or title if applicable.
>
> **<u>RESPONSE TO INTERROGATORY NO. 12:</u>**
> 1) Joseph Savoy
> Plaintiff
>
> 2) Randall Stead
> Current contact information unknown; defendant will supplement at a later date.
>
> 3) Major Daniel Ray Davis

[19] *In re Katrina Canal Breaches*, 05-4182, 2007 WL 1852184, *3 (E.D. La. June 27, 2007), *citing General Cigar Co. v. Cohiba Caribbean's Finest, Inc.*, No. 2:06-cv-00575-BES-GWF, 2007 WL 983855, at *3 (D.Nev. Mar. 30, 2007).

        Can be reached through his attorney of record

4) Captain James Gilbert Savoy, Sr.
*May be reached through undersigned counsel*

5) Captain Scott Kennedy
Can be reached through his attorney of record

6) Captain John Sanders
Can be reached through his attorney of record

7) Sgt. Patricia Seymore
*May be reached through undersigned counsel*

8) Sgt. Lenora Ellis
*May be reached through undersigned counsel*

9) Sgt. Dwayne Adams
*May be reached through undersigned counsel*

10) Sgt. Enrico George
*May be reached through undersigned counsel*

11) Sgt. Willie Thomas, Jr.
*May be reached through undersigned counsel*

12) Lt. Doug McDonald
*May be reached through undersigned counsel*

Plaintiff suggests the response is insufficient with regard to those individuals for whom the response is that they can be reached through undersigned counsel.[20] Defendant Savoy states that he is not the agent for service of process for any of these individuals, nor is he in possession of this information.[21]

**IT IS ORDERED** that within fourteen days of the entry of this Ruling Defendant Savoy shall either provide the supplemental contact information or, if it is the position of Defendant

[20] R. Doc. 54-2, pp. 6-7.
[21] R. Doc. 55, p. 4.

Savoy that he lacks the necessary information to respond to Interrogatory No. 12, he is to state under oath that the requested information is not available to him, nor under his control, nor available to any of his agents or representatives, nor under their control.

> **REQUEST FOR PRODUCTION NO. 1:**
> Please provide any and all recorded or written statements taken in this matter.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**
> Objection; this question is vague and overbroad. Defendant is not in possession of "any and all recorded or written statements taken in this matter." Attached herein please find defendant, Captain James Savoy's, written statement in response to the internal investigation in this matter labeled as Attachment No. 1.

Plaintiff asserts that Defendant Savoy's response is insufficient indicating that there were other statements taken that were attached to the investigative file that have not been produced.[22] Defendant Savoy indicates he lacks access to the documents.[23]

Under Rule 34(a)(1) of the Federal Rules of Civil Procedure, Defendant Savoy has a duty to provide responsive information and documents that are not directly in his control if he has "a legal right to obtain ... on demand or the practical ability to obtain the documents from a non-party to the action."[24]

**IT IS ORDERED** that within fourteen days of the entry of this Ruling Defendant Savoy shall either provide the supplemental information sought in Request for Production No. 1 or, if it is the position of Defendant Savoy that he lacks the necessary information to respond to Request for Production No. 1, he is to state under oath that the requested information is not available to him, nor available to any of his agents or representatives and that he does not have the legal right

---

[22] R. Doc. 54-2, p. 7.
[23] *Id.*
[24] *Best W. Int'l, Inc. v. Bhagirath*, 12-0121, 2013 WL 2147208, at *1 (M.D. La. May 14, 2013) (citations omitted).

or practical ability to obtain the documents.

> **<u>REQUEST FOR PRODUCTION NO. 3:</u>**
> Please produce copies of all correspondence in which your insurer denied, declined and/or reserved rights regarding your coverage of the liability asserted against you in this matter, including correspondence with you or the named insured, its agent and/or broker.
>
> **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 3:</u>**
> Objection as this request is for privileged communication. Furthermore, there is no direct action against insurer under La. R.S. 39:1538.

Plaintiff indicates Defendant Savoy's response is insufficient because no privilege log was provided.[25] Defendant Savoy apparently agreed to look into this matter further at the parties' Rule 37.1 conference.[26] In his opposition memorandum, Defendant Savoy indicates that there are no documents responsive to this request.[27]

**IT IS ORDERED** that the Motion to Compel is **DENIED** with regard to Request for Production No. 3 based on Defendant Savoy's representation in a pleading filed with this court that no documents responsive this request exist, however, Defendant Savoy is ordered to verify this information under oath within fourteen days of the entry of this Ruling.[28]

> **<u>REQUEST FOR PRODUCTION NO. 9</u>**
> All accident reports, incident reports, ambulance run reports, newspaper articles or television news report [sic] which relate the incident in your possession.

---

[25] R. Doc. 54-2, p. 8.
[26] *Id.*
[27] R. Doc. 55, p. 5.
[28] The court notes that the July 10, 2015 correspondence from counsel for Defendant Savoy also indicated that counsel was "unaware of any correspondence" that was being requested in Request for Production No. 3, but that she would check into it further. R. Doc. 55-2 This Motion to Compel was filed the same date as that letter. The court reminds counsel that the obligation under Fed.R.Civ.Proc. 37 is not just to confer, but to confer in "good faith" in an effort to obtain resolution "without court action."

> **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 9:</u>**
> Objection, defendant Captain Savoy is not in possession of "all accident reports, incident reports, ambulance run reports, newspaper articles or television news reports" that relate to this incident. Furthermore, this question is overbroad, inadmissible, and irrelevant. Attached here please find Plaintiffs medical records labeled as Attachment No. 2.

Plaintiff asserts that Defendant Savoy's response is insufficient because "[t]here was an investigation into this incident and a report generated that has not been produced."[29] Defendant Savoy continues to state that he lacks access to this information.[30] Plaintiff has the burden to establish the report it references as having been generated but not produced is in Defendant Savoy's possession, custody, or control, or that he has a legal right to obtain it, which Plaintiff has failed to show.

**IT IS ORDERED** that Defendant Savoy verify under oath within fourteen days of the entry of this Ruling that he does not have any additional information sought in Request for Production No. 9 in his possession, custody, or control, and that he has no legal right or practical ability to obtain such information.

> **<u>REQUEST FOR PRODUCTION NO. 10</u>**
> Produce the personnel file for each Defendant, including all use of force reports and disciplinary matters.
>
> **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 10</u>**
> Objection; Defendant Captain Savoy is not in possession of the personnel file for each defendant. Furthermore, Defendant also objects as the evidence sought is inadmissible character evidence, irrelevant, prejudicial, and not likely to lead to discoverable evidence.

Plaintiff asserts that Defendant Savoy's response is insufficient on the basis that Defendant

---

[29] R. Doc. 54-2, p. 8.
[30] *Id*.

Savoy's counsel is also counsel for the Louisiana Attorney General's office and, therefore, has access to the materials requested.[31] Defendant Savoy continues to maintain a lack of access to the documents. Plaintiff has the burden to establish the information sought is in Defendant Savoy's possession, custody, or control, or that he has a legal right to obtain it, which Plaintiff has failed to show with regard to any other defendant in this case. Presumably, however, Defendant Savoy would have access to his own personnel file. The court acknowledges the potential security and disciplinary concerns relative to a plaintiff's possession (and possible dissemination) of information like that contained in Defendant Savoy's personnel file and will, therefore limit the production as follows:

**IT IS ORDERED** that, within fourteen days of this Ruling Defendant Savoy, shall file under seal for in camera inspection by the court any use of force reports or disciplinary matters submitted within 1 year before and after January 4, 2014 against him. Upon review of his response, the court will make a determination regarding plaintiff's entitlement to any information responsive to Request for Production No. 10. If no such information exists, Defendant Savoy shall so verify under oath within fourteen days of this Ruling.

> **REQUEST FOR PRODUCTION NO. 11:**
> Please produce the inmate log, with inmate name and DOC number, for all inmates on Shark Tier on January 4, 2014.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**
> Objection, defendant is not in possession of the inmate log for all inmates on Shark Tier on January 4, 2014. This information was requested and will [be] forwarded upon receipt.

Plaintiff states that the requested log was not received,[32] although Defendant Savoy claims

---

[31] R. Doc. 54-2, p. 9.
[32] *Id.*

the log was produced.[33]

**IT IS ORDERED** that Defendant Savoy provide the requested log within fourteen (14) days of this Ruling.

> **<u>REQUEST FOR PRODUCTION NO. 13</u>**
> Please produce the master prisoner file for any inmate listed by either party as a witness in this matter.
>
> **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 13</u>**
> Objection; the evidence sought is irrelevant, immaterial and not likely to lead to discoverable evidence. Defendant further objects, this Interrogatory seeks records of person [sic] not party to this lawsuit. Furthermore, this Interrogatory is not limited in scope and is overly burdensome as to the information sought.

Plaintiff agreed to limit the information sought to convictions and Defendant agreed to look into the production.[34] Defendant contends this information was provided in supplemental discovery responses.[35]

**IT IS ORDERED** that Defendant Savoy provide the information sought in Request for Production No. 13, as limited to convictions, within fourteen (14) days of this Ruling.

> **<u>REQUEST FOR PRODUCTION NO. 14</u>**
> All ARPs filed against any of the Defendants herein for the time period of one year before and after January 4, 2014
>
> **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 14</u>**
> Objection; the evidence sought is inadmissible character evidence, irrelevant, prejudicial, and not likely to lead to discoverable evidence. In an effort to facilitate discovery, it has been determined that there were no ARPs filed against defendant Captain Savoy during the time period one year before and after January 4, 2014.

Plaintiff asserts the response is insufficient in light of *Harvey v. Davis*. Defendant Savoy

---

[33] R. Doc. 55, p. 2.
[34] R. Doc. 54-2, p. 11.
[35] R. Doc. 55, p. 2.

has, however, provided the information requested with regard to himself and plaintiff has not met his burden of establishing that Defendant Savoy has such information with regard to any other defendant within his possession, custody or control or that he has a legal right to obtain it.

**IT IS ORDERED** that the Motion to Compel is **DENIED** with regard to Request for Production No. 14.

> **<u>REQUEST FOR PRODUCTION NO. 17</u>**
> Please produce a copy of ALL criminal records, of Plaintiff, obtained by Defendant, from any source.
>
> **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 17</u>**
> Objection; this question is overbroad, as "criminal record" is not defined and undefinable for purposes of this litigation.

Plaintiff agreed to limit the information sought to convictions and Defendant agreed to look into the production.[36] Defendant contends this information was provided in supplemental discovery responses.[37]

**IT IS ORDERED** that Defendant Savoy provide the information sought in Request for Production No. 17, as limited to convictions, within fourteen (14) days of this Ruling.

> **<u>REQUEST FOR PRODUCTION NO. 21</u>**
> Please produce a copy of ALL recorded statements including photographs, audio or video, of Plaintiff, obtained by Defendant, from any source.
>
> **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 21</u>**
> Objection; this request is overbroad. Attached herein please find the photos taken at the Treatment Center labeled as Attachment No. 3.

Plaintiff asserts that the Response to Request for Production No. 21 is insufficient in that the request is not overbroad.[38] The court agrees the request is not overbroad, however, Defendant

---

[36] R. Doc. 54-2, p. 10.
[37] R. Doc. 55, p. 2.
[38] R. Doc. 54-2, p. 11.

Savoy also maintains that he has produced documents responsive to this request that he has in his possession.[39]

**IT IS ORDERED** that Defendant Savoy state under oath within fourteen days of this Ruling that he has provided all documents in his possession, custody or control responsive to Request for Production No. 21 and that no additional requested information is available to him, under his control, available to any of his agents or representatives, or under their control.

**B. Fees and Costs**

When, as here, a motion to compel is granted in part and denied in part, the court is authorized to apportion the reasonable expenses associated with the motion.[40] However, because of the mixed relief obtained by movant, and the speed with which the motion to compel was filed after the conference required by Rule 37, the court is not inclined to award costs and fees in this instance.

**IT IS ORDERED** that each party shall bear his own costs and fees associated with the motion.

Signed in Baton Rouge, Louisiana, on February 11, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

[39] R. Doc. 55, p. 5.
[40] Fed.R.Civ.P. 37(a)(5).