UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH SAVOY

VERSUS

MAJ. DANIEL DAVIS, ET AL.

CIVIL ACTION

NO. 14-700-JJB-EWD

## RULING

This matter is before the Court on a Motion for Summary Judgment (Doc. 61) brought by the defendant, Captain James Savoy ("Capt. Savoy"). The plaintiff, Joseph Savoy, filed an opposition (Doc. 63) and the defendant filed a reply brief (Doc. 64). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the defendant's Motion for Summary Judgment (Doc. 61) is **DENIED**.

I.  **BACKGROUND**

The plaintiff is currently an inmate at Elayn Hunt Correctional Center, but in January of 2014, he resided at the Louisiana State Penitentiary at Angola. He claims that, on January 4, 2014, Capt. Savoy failed to intervene when he witnessed several other correctional officers beat the plaintiff without justification. As a result of this incident, the plaintiff suffered multiple physical injuries including a broken shoulder. In November of 2014, the plaintiff filed a Complaint for Damages (Doc. 1) pursuant to 42 U.S.C. § 1983, alleging violations of his Fourth and Eighth Amendment rights by Maj. Daniel Davis, Capt. James Savoy, Capt. Scott Kennedy and Capt. John Sanders. Specifically, the plaintiff alleged excessive force claims under both the Fourth and Eighth Amendments and a bystander liability claim under the Eighth Amendment.

Capt. Savoy previously filed a Motion to Dismiss (Doc. 23) the plaintiff's Fourth and Eighth Amendment claims, which the Court denied (Doc. 42). Capt. Savoy now brings this Motion

1

for Summary Judgment (Doc. 61), seeking dismissal of the plaintiff's Eighth Amendment claims.[1]

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). In ruling on a motion for summary judgment, the Court does not make credibility determinations or weigh the evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. *Id.*

## III. DISCUSSION

Capt. Savoy claims that he cannot be liable for the plaintiff's Eighth Amendment claims because he was not present when the incident occurred and was unaware that excessive force was

---

[1] In his supporting memorandum, Capt. Savoy stated that the only remaining claim is the bystander liability claim under the Eighth Amendment. *Def.'s Supp. Mem.* 3, Doc. 61-1. However, the Court's prior ruling held that the plaintiff's claim under the Eighth Amendment could proceed against Capt. Savoy under both excessive force and bystander liability theories. *Ruling on Mot. to Dismiss* 3–4, Doc. 42. In that prior ruling, the Court held that the plaintiff's claim for excessive force could not proceed under the Fourth Amendment, but the Court did not dismiss or otherwise hold that the plaintiff's claim for excessive force could not proceed under the Eighth Amendment. *Id.* Because the substance of Capt. Savoy's supporting memorandum addresses both theories of liability under the Eighth Amendment—excessive force and bystander liability—the Court construes his motion as seeking summary judgment on both.

2

used. *Def.'s Sup. Mem.* 8–10, Doc. 61-1. However, the evidence used by Capt. Savoy to support his motion indicates that he was both at the scene and an active participant in the use of excessive force. For example, a co-defendant, Capt. Kennedy, testified in his deposition that he saw Capt. Savoy "kneeing and kicking" the plaintiff during the incident. *Id.* (citing *Cap't Kennedy's Dep.* 45:6–8, Doc. 61-7). In his supporting memorandum, Capt. Savoy argues that Capt. Kennedy's testimony is not credible because he has given two contradictory accounts of the events. *Id.* However, the Court does not make credibility determinations on summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Viewing the evidence in the light most favorable to the non-moving party, Capt. Kennedy's testimony establishes that Capt. Savoy was aware that excessive force was used against the plaintiff because he was present and may have participated in the use of excessive force. This is sufficient evidence to create a genuine issue of material fact for both of the plaintiff's Eighth Amendment claims of excessive force and bystander liability. Thus, Capt. Savoy has failed to carry his burden of demonstrating that there is an absence of evidence to support the plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

## IV.   CONCLUSION

For the reasons stated above, the defendant's Motion for Summary Judgment (Doc. 61) is **DENIED**.

Signed in Baton Rouge, Louisiana, on February 12, 2016.

**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**